# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
# Harrisburg Division

| | |
|---|---|
| RUTH PALMER, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Defendant | ) |

## COMPLAINT

RUTH PALMER, by counsel, states as follows for her Complaint against the defendant, United States of America:

### Jurisdiction and Venue

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. This Court is vested with jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. § 1346(b).

2. In compliance with 28 U.S.C. § 2675, Ruth Palmer ("Mrs. Palmer") filed a notice of administrative claim with the Department of Veterans Affairs,

which is attached as Exhibit A.  That claim was received by the Department of Veterans Affairs on September 30, 2014.

3. The Department of Veterans Affairs did not make a final disposition of the claim within six months of filing.

4. Accordingly, Mrs. Palmer's claim is ripe to be litigated in this Court pursuant to 28 U.S.C. § 2675(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because the cause of action arose within the Middle District of Pennsylvania, Harrisburg Division, at the Lebanon, Pennsylvania Veterans Affairs Medical Center ("Lebanon VAMC").

6. At all times relevant to this action, Mr. and Mrs. Palmer were legally married and resided in York, Pennsylvania.

7. At all times relevant to this action, the United States owned and operated the Lebanon VAMC.

8. At all times relevant to this action, the agents, servants, employees and personnel of the United States were acting within the course and scope of their employment in providing medical care and treatment to Mrs. Palmer's late husband, John F. Palmer IV ("Mr. Palmer"), a veteran of the United States Armed Forces entitled to such care and treatment.

9. The medical care described as follows was provided to Mr. Palmer at the Lebanon VAMC and/or its affiliated clinics unless otherwise stated.

## Allegations

10. Mr. Palmer was a 66-year-old Army veteran who died on December 5, 2013 from angioimmunoblastic T-cell lymphoma, which his healthcare providers at the Lebanon VAMC failed to diagnose and treat.

11. Beginning in December 2011, Mr. Palmer started suffering ongoing fatigue, body aches, fevers, night sweats, poor appetite and joint pain.

12. Over the next month, these symptoms became progressively worse to the point that Mr. Palmer could no longer walk and he rapidly lost weight.

13. Mr. Palmer presented to the Lebanon VAMC in January 2012 to be seen for pancytopenia, a reduction in white and red blood cells and platelets, which had been diagnosed by his primary care physician.

14. Mr. Palmer was seen by Dr. Suhail M. Ali, M.D. ("Dr. Ali"), a hematology/oncology attending physician, and Dr. Monika Joshi, M.D. ("Dr. Joshi"), a hematology/oncology fellow, at the Lebanon VAMC on January 25, 2012.

15. With the exception of a number of laboratory tests, Drs. Ali and Joshi failed to perform any tests to attempt to determine the etiology of Mr. Palmer's symptoms.

16.     Instead, they noted in Mr. Palmer's records that if Mr. Palmer's symptoms worsened, a CT scan would be performed to "rule out lymphadenopathy/hepatosplenomegaly, i.e., underlying low grade lymphoma, etc." and "to rule out any underlying malignancy."

17.     Over the following months, Dr. Ali noted in Mr. Palmer's records that his symptoms might be the result of an Epstein-Barr infection and simply sent Mr. Palmer back to his primary care physician without ordering a CT scan as previously suggested.

18.     Although Epstein-Barr infections are consistent with certain types of cancer, including T-cell lymphoma, Drs. Ali and Joshi failed to mention this to Mr. Palmer or perform appropriate testing and/or imaging studies to rule out an underlying malignancy.

19.     During the next 16 months, Mr. Palmer's condition significantly worsened.  He continued to suffer from joint pain and swelling, fatigue and night sweats.  He also continued losing weight and developed numbness in his legs, chronic abdominal pain and recurring nose bleeds.

20.     On August 16, 2013, Dr. Preeti Malhotra, M.D. ("Dr. Malhotra"), Mr. Palmer's primary care physician at the Lebanon VAMC, read an x-ray of Mr. Palmer's chest and noted abnormal findings, including "a new small left pleural effusion with scarring."

21. Dr. Malhotra suggested a follow-up CT scan of Mr. Palmer's chest to further evaluate the abnormal chest x-ray findings.

22. Although Mr. Palmer began losing weight at an even more rapid rate—nearly 30 pounds in three months—no CT scan was performed.

23. On October 30, 2013, another chest x-ray was taken and interpreted by Dr. Vu Q. Do, M.D. ("Dr. Do"), a radiologist at the Lebanon VAMC.

24. Dr. Do noted that the x-ray showed "an enlarging moderate left pleural effusion with associated atelectasis." A "new, small right pleural effusion" was also noted.

25. Finally, a CT scan was scheduled, but by this time Mr. Palmer was already critically ill.

26. Mr. Palmer presented for the CT scan on November 6, 2013, which, according to Dr. Do, revealed "[e]xtensive mediastinal, axillary and abdominal lymphadenopathy" which was "concerning for metastatic or primary lymphoid disease."

27. In addition, Charles E. Griffith, D.O. ("Dr. Griffith"), a Lebanon VAMC rheumatologist, reviewed Dr. Do's radiology report and noted that the CT scan revealed "extensive adenopathy" and recorded that he "still" had "concerns for malignancy."

28. No follow-up on those "concerns," however, was ever done.

29. The following day, November 7, 2013, Mrs. Palmer spoke with Dr. Malhotra and told him that she was concerned that Mr. Palmer's condition was worsening.

30. Dr. Malhotra recommended that Mrs. Palmer take Mr. Palmer to the emergency room at the Lebanon VAMC.

31. However, because there were no beds available at the VAMC, Mrs. Palmer was then advised to take Mr. Palmer to the nearest private hospital emergency room.

32. Mr. Palmer was admitted that day to Memorial Hospital in York, Pennsylvania.

33. At the time of his presentation, Mr. Palmer had an enlarged spleen, fluid in his pleural cavities, lung nodules and an elevated serum calcium level.

34. Mr. Palmer underwent a thoracentesis at Memorial Hospital on November 11, 2013.

35. The pathology report from the thoracentesis revealed a diagnosis of angioimmunoblastic T-cell lymphoma.

36. Memorial Hospital then transferred Mr. Palmer to York Hospital in York, Pennsylvania on November 24, 2013 for aggressive treatment of the lymphoma, which was determined to be Stage IV.

37. However, by this time, Mr. Palmer was so ill that despite the private medical providers' aggressive and appropriate care, Mr. Palmer very quickly developed multi-organ system failure, including renal and respiratory failure, and subsequently died on December 5, 2013.

## **Negligence**

38. Mrs. Palmer restates and re-alleges paragraphs 1 through 37 as if fully stated herein.

39. As a provider of medical services to Mr. Palmer, the United States and its agents, servants or employees at the Lebanon VAMC and its affiliates, including Drs. Ali, Joshi, Malhotra, Do and Griffith, owed Mr. Palmer a duty to provide him medical care consistent with the governing standard of medical care.

40. Mrs. Palmer alleges that the agents, servants or employees of the United States at the Lebanon VAMC and its affiliates, including Drs. Ali, Joshi, Malhotra, Do and Griffith, while acting within the scope of their employment, violated the applicable standards of medical care in the following respects:

    a. Negligent delay in diagnosing and providing appropriate treatment for Mr. Palmer's lymphoma; and

    b. Other negligent acts or omissions before and/or during the course of the treatment referenced as will be developed through additional factual investigation, expert review and discovery.

## Count I – Wrongful Death

41. Mrs. Palmer restates and re-alleges paragraphs 1 through 40 as if fully stated herein.

42. As a direct and proximate result of the aforementioned negligence of the agents, servants or employees of the United States, including Drs. Ali, Joshi, Malhotra, Do and Griffith, Mr. Palmer died on December 5, 2013.

43. Had Mr. Palmer been appropriately diagnosed and treated for his lymphoma, he would have likely survived for an extended period of time. The failure to diagnose and treat his lymphoma appropriately substantially shortened his life.

44. Accordingly, Mrs. Palmer claims the following damages:

    a. Hospital, nursing, medical, funeral, and burial expenses;

    b. Loss of income, financial support, contributions and services;

    c. Loss of care, comfort, society, community, attention, affection, guidance, tutelage, moral support and upbringing, guidance and consortium; and

    d. Compensation for any other damages sustained as a proximate result of the defendant's negligence.

45. For these damages, Mrs. Palmer demands monetary relief in an amount deemed appropriate and just by the Court.

## Count II – Survival

46. Mrs. Palmer restates and re-alleges paragraphs 1 through 45 as if fully stated herein.

47. As a direct and proximate result of the aforementioned negligence of agents, servants and/or employees of the United States, including Drs. Ali, Joshi, Malhotra, Do and Griffith, Mr. Palmer was caused to suffer physical injury, pain, mental anguish, physical disability and related damages.

48. Accordingly, Mrs. Palmer claims the following damages:

    a. Compensation for the mental and physical pain, suffering, inconvenience, mental anguish and loss of life's pleasures of Mr. Palmer prior to his death;

    b. Loss of past and future earnings and earning capacity of Mr. Palmer;

    c. Compensation for any other damages sustained as a proximate result of the defendant's negligence.

49. For these damages, Mrs. Palmer demands monetary relief in an amount deemed appropriate and just by the Court.

WHEREFORE, Mrs. Palmer respectfully requests that the Court grant judgment in her favor against the defendant as prayed for above and award her such relief as is just and equitable under the circumstances.

                                                        McNEES WALLACE & NURICK LLC

                                                        By /s/ Devin J. Chwastyk_____
                                                            Devin J. Chwastyk
                                                            PA I.D. No. 91852
                                                            100 Pine Street
                                                            P.O. Box 1166
                                                            Harrisburg, PA 17108-1166
                                                            (717) 237-5482
                                                            (717) 260-1673 – Facsimile
                                                            dchwastyk@mwn.com

                                                *Attorneys for Plaintiff Ruth Palmer*

Dated:  December 7, 2015